Opinion by
Willson, J.
§781. Special contract of affreightment; plea of, held to he erroneously stricken out; case stated. Appellee sued appellants to recover damages for injuries received by two horses shipped by him on their lines of railroad from Memphis, Tenn., to Austin, Texas. The action was against appellants as common carriers to enforce their common law liability as such. Appellants pleaded specially, a special contract of affreightment entered into between them and appellee at the time and place of the shipment of the horses. Upon exceptions made to this plea by appellee, it was stricken out, and he recovéred judgment for $500 and costs. Held: The court erred in striking out the special plea. It set forth in full the alleged special contract, and also made said contract a part of said plea. Said contract contains reasonable and valid conditions limiting the common law liability of appellants as carriers, and as the contract was made without this state, and was not to be performed wholly within this state, these limitations were not inhibited by our statute. [R. S. art. 278; ante, §§ 191, 192, 193, 194; Hutch, on Carriers, §§ 239, 241, 243; R. R. Co. v. Henlein, 52 Ala. 607; Squire v. R. R. Co. 98 Mass. 239.]
§ 782. Same; recovery must he had upon, if had at all; cannot he avoided upon the plea that party did not know its contents. Appellee replied to the special plea, and ad *687 mitted the making of the contract therein set .up, but sought to avoid the same upon the ground that he had not read it, and did not know its contents at the time he executed it. Held: There being a valid special contract, appellee was bound by its terms, and could recover only upon such contract. He could not avoid such contract on the ground that he had not read or did not know its contents when he executed it. [Ante, § 331; Hutch, on Carriers, §§ 239, 211, 215, 751, 762.]
June 24, 1885.
Reversed and remanded.